UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID DISNEY and<br>KATHLEEN L. DISNEY | : | |
| v | : | C.A. No. 05-511-S |
| BETHANY THORTON,<br>LAUREA B. THORTON,<br>TODD R. SCHRAM and<br>URS MIDWEST, INC., d/b/a<br>URS AUTO | : | |

CO-DEFENDANT'S, TODD R. SCHRAM and URS MIDWEST, INC., MEMORANDUM TO AMEND CROSS-CLAIM AND ALLOW COUNTER-CLAIM

Co-defendants, TODD R. SCHRAM (hereafter "SCHRAM") and URS MIDWEST, INC.(hereafter "URS"), in the above-captioned matter request to amend their Cross-claim and file a counter-claim pursuant to Federal Rules of Civil Procedure (FRCP) 15 (a).

Federal Rules of Civil Procedure (FRCP) 15 (a) states that where a party has filed a responsive pleading, an opposing party may only amend its pleading with leave of court. Specifically, where an answer has been filed, a party requesting leave of court to amend their pleading should be granted such as leave shall be freely given when justice so requires. Additionally, the United States Supreme Court has interpreted Rule 15 (a) and held that in the absence of some identifiable justification for denying leave to amend—such as undue delay, bad faith, or dilatory

motive by the movant—leave of court should be granted, and that a court abuses its discretion in denying leave to amend in the absence of such reasons. 3 MOORE'S FEDERAL PRACTICE §§ 15.14, 15.15 (Matthew Bender 3d ed) citing Forman v. Davis, 371 U.S. 178,182 (1962).

Co-Defendants, SCHRAM and URS filed their answer for this action on December 27, 2005 and now move to amend their cross-claim and allow their counter-claim. These motions should be granted as first, there is no indication of undue delay on the part of the movants, which would prejudice any other party. Second, these motions are not made in bad faith to any other party. Third, your co-defendants do not assert a dilatory motive in the aforementioned motions. Furthermore, these motions are unopposed by all other parties which provides evidence of the absence of any of the enumerated factors. Finally, FRCP 15 (a) as interpreted by the United States Supreme Court indicates where there is an absence of the aforementioned factors a United States District Court should freely grant amendments when justice so requires, as is the case here.

Therefore, for the reasons espoused above, your co-defendants respectfully request that their motion to amend their cross-claim and motion to allow a counter-claim be granted.

Co-Defendants
URS MIDWEST, INC. and
TODD R. SCHRAM
By their attorneys,

Kenneth A. Schreiber, #3571
SCHREIBER & SCHREIBER
37 Sockanosset Cross Road
Cranston, RI 02920
401-781-2000

CERTIFICATION

I hereby certify that I caused a true copy of the within Cross-Claim to be mailed, postage prepaid, to John R. Mahoney, Esq, Asquith & Mahoney, LLP, 158 South Main Street, 2nd Floor, Providence, Rhode Island 02903 and Kevin J. Flannery, Esq., Law Office of James V. Murray, 10 Amica Center Boulevard, Building 10, 1st Floor, Lincoln, Rhode Island, 02865 on this 6th day of February, 2006.